# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Carlos Gomez-Robles,<br><br>Defendant. | No. CR-17-0730-TUC-CKJ (JR)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is the Government's Motion in Limine to Admit Defendant's Statements to Tucson Police (Doc. 43). Defendant Carlos Gomez-Robles did not respond but instead filed a Motion to Suppress Statements for *Miranda* Violation (Doc. 53). The Government responded (Doc. 54) and a hearing was conducted on Friday, December 1, 2017. The Government called one witness, Tucson Police Officer Jesus Tapia. The Defendant did not call any witnesses. No exhibits were admitted. Based on the pleadings, testimony, and arguments of counsel, the Court recommends that the District Court, after its independent review, grant the Government's Motion and deny Defendant's motion.[1]

**I.  Facts**

On April 4, 2017, Tucson Police Officer Jesus Tapia was performing surveillance in his unmarked patrol car when he learned that other officers in the area were attempting to make a traffic stop for a civil infraction but the driver of the car would not stop. Officer Tapia was also advised that officers did not pursue, but minutes later the same car was involved in a three car accident and the driver had fled on foot. Officer Tapia began circulating the area looking for the suspect when he heard that the driver had been found

---

[1] A transcript was not ordered by the Court. The plea deadline is December 22, 2017, and trial is scheduled for January 9, 2018. (Doc. 40).

hiding in a closet in a residential area. He was identified by a civilian as the driver who fled the scene of the accident. Being a native Spanish speaker, Officer Tapia was asked to respond since the detainee spoke only Spanish.

When Officer Tapia arrived at the scene, the driver, later determined to be the Defendant, was in handcuffs and was sitting on a curb. Officer Tapia asked the Defendant for his name, date of birth, address and phone number.[2] The Defendant provided his name and date of birth but said he did not have an address or phone number. Officer Tapia then turned on his tape recorder and read the Defendant his *Miranda* warnings in Spanish. After the Defendant said he did not want to answer any questions, Officer Tapia turned off the recording device and searched the Defendant. As he was placing the Defendant into the back of his patrol car, the Defendant spontaneously stated that he had "just gotten to the United States from Ciudad Obregon, Sonora, Mexico." The statement was not in response to any question, comment, or action on the part of Officer Tapia or any other officer.

State charges were ultimately dismissed against the Defendant. Federal immigration officers analyzed the Defendant's immigration status and later charged him with the current offense of Re-entry of a Removed Alien. The Government seeks to use his statement to Officer Tapia as evidence at trial.

**II. Discussion**

*Miranda* requires that law enforcement must advise a suspect who is in custody of his right to counsel and of his right to remain silent. *Miranda v. Arizona*, 384 U.S. 436 (1966). An accused who wishes to invoke his *Miranda* rights must do so unambiguously. *Davis v. United States*, 512 U.S.452, 461-62 (1994).

---

[2] While not an issue in this case, the Court notes that routine gathering of background biographical data does not constitute interrogation sufficient to trigger constitutional protections. *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir.1981). Additionally, Officer Tapia knew that the Defendant was being investigated for criminal damage and endangerment in relation to the accident as well as DUI. Thus, the biographical information Officer Tapia sought was in no way related to any immigration matter. *See United States v. Mata–Abundiz*, 717 F.2d 1277, 1279-80 (9th Cir.1983) (questioning by INS investigator was "interrogation" when there was a "close sequence" between "civil" immigration investigation and criminal prosecution).

Here, the parties do not dispute that the Defendant was "in custody" for purposes of *Miranda.* Nor is it disputed that he invoked his right to remain silent. At issue is whether the Defendant was "interrogated" within the meaning of *Miranda* or whether his statement was simply volunteered.

Because the interaction between Officer Tapia and the Defendant was not the result of express questioning by the officer, the discussion cannot be characterized as an interrogation in the traditional sense, but must be evaluated under *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). There, the Supreme Court described the "functional equivalent" of questioning as "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 301; *see also United States v. Moreno–Flores*, 33 F.3d 1164, 1168-69 (9th Cir.1994) (Upon arrest, the officer told the defendant that they had seized cocaine, that he was in serious trouble, and that he was facing a long prison sentence. The defendant did not respond but confessed the next morning after the officer asked him how his night was. Relying on *Innis*, the court of appeals held that the officer's statements the previous night were not express questions and were not the "functional equivalent" of interrogation.).

Turning to the testimony of Officer Tapia, who the Court finds completely credible, the Court concludes that the Defendant was in no manner subjected to the "functional equivalent" of questioning. The Defendant's incriminating statement was not the product of words or actions on the part of Officer Tapia or any other officer that were reasonably likely to elicit an incriminating response. Defendant's statement that he was from Ciudad Obregon, Sonora, Mexico was likely a way of explaining to Officer Tapia why he could not earlier provide an address or phone number.[3]

---

[3] While voluntariness was not raised by the defense, even if the Defendant's statement to Officer Tapia could be found to violate *Miranda*, there is nothing in the record to indicate the statement was involuntary. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000) (In determining voluntariness of a confession, a court must examine whether defendant's will was overborne by circumstances surrounding giving of a confession.). Here, Officer Tapia testified that while the Defendant was placed in handcuffs, no weapons were drawn and no promises or threats were ever made.

**III. Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after an independent review of the record, **GRANT** the Government's Motion in Limini to Admit Defendant's Statements to Tucson Police (Doc. 43) and **DENY** the Defendant's Motion to Suppress Statements for *Miranda* Violation (Doc. 53).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CR 17-0730-TUC-CKJ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 1st day of December, 2017.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge